IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20100779-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (July 27, 2012) |
| Cody Richard Cooper, | ) | |
| | ) | 2012 UT App 211 |
| Defendant and Appellant. | ) | |

-----

Second District, Ogden Department, 061903595
The Honorable Michael D. Lyon

Attorneys:     Randall W. Richards, Ogden, for Appellant
               Mark L. Shurtleff and Jeanne B. Inouye, Salt Lake City, for Appellee

-----

Before Judges McHugh, Orme, and Thorne.

THORNE, Judge:

¶1     Cody Richard Cooper appeals from his convictions on one count each of rape, forcible sodomy, and aggravated sexual assault, all first degree felonies. *See generally* Utah Code Ann. §§ 76-5-402, -403, -405 (2008 & Supp. 2011). We affirm.

¶2     Cooper was tried twice on these offenses, and his appeal primarily involves double jeopardy arguments arising from the mistrial that terminated his first trial. During the first trial, the victim testified on cross-examination that she had never promised to drop the charges against Cooper if he paid her medical expenses. Cooper's

counsel then informed the State that he intended to use text messages sent to Cooper from the victim's cell phone to impeach this testimony.[1]

¶3      The State sought to exclude the text messages, arguing that Cooper had not provided them to the State in discovery,[2] and then moved for "a defense attorney caused mistrial."  The State explained that if the texts were excluded, Cooper would likely be entitled to a new trial based on ineffective assistance of counsel, while if they were admitted despite not being produced in discovery, the detrimental effect on the victim's credibility would greatly prejudice the State's case.  In response, Cooper's counsel denied violating the district court's discovery order and argued for a curative instruction and a continuance to allow the State to verify the text messages and locate additional witnesses.  When the district court suggested that it was going to exclude the text messages, defense counsel responded, "If the Court is inclined to exclude the [text messages], then—in all respect to the Court, I would move for a mistrial based upon ineffective assistance of counsel . . . ."

¶4      The district court then excluded the text messages, finding that defense counsel had been in possession of the text messages for months and had not provided them to the State as required by applicable discovery rules.  In light of the exclusion order and the resulting likelihood of a successful new trial motion based on ineffective assistance of counsel, the district court declared a mistrial.  The district court stated, "[T]he Court will grant the State's motion for a mistrial, and do so under Section 76-1-403, subpart (4) subpart (iii) for prejudicial conduct, in and out of the courtroom not attributable to the State, which makes it impossible to proceed with trial without injustice to the State." *See generally* Utah Code Ann. § 76-1-403(4)(c)(iii) (2008) (allowing for mistrials due to prejudicial conduct not attributable to the State).

¶5      The State retried Cooper, resulting in the three felony convictions from which he now appeals.  On appeal, with the assistance of new counsel, Cooper argues that the initial mistrial barred his second trial on double jeopardy grounds and that his counsel

---

[1]These text messages apparently included, "well all I can do is drop charges they don't hav a case without me but u will pay 4 my medical bills"; "im done what don't u understand pay my bills or NO deal"; and "so u will pay my bills?  No n ha ha."

[2]The district court had granted the State's pretrial motion for reciprocal discovery, which had requested an opportunity "to inspect physical evidence, documents, and photographs that [Cooper] intend[ed] to introduce at trial."

at the second trial provided ineffective assistance by failing to raise the double jeopardy issue or call certain witnesses.[3]

> To establish ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness and (2) counsel's performance was prejudicial in that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.

*State v. Maestas*, 2012 UT App 53, ¶ 57, 272 P.3d 769 (internal quotation marks omitted).

¶6     Cooper contends that counsel's failure to assert a double jeopardy bar to Cooper's retrial fell below an acceptable level of professional performance. However, counsel does not perform ineffectively by failing to file a motion that would have been futile. *See State v. Featherhat*, 2011 UT App 154, ¶¶ 34, 36, 257 P.3d 445. Retrial of a defendant after mistrial is ordinarily not barred by double jeopardy where the defendant requests the mistrial or where the mistrial is required by manifest necessity. *See* Utah Code Ann. § 76-1-403(4)(a), (c); *Arizona v. Washington*, 434 U.S. 497, 505 (1978) ("The prosecutor must demonstrate 'manifest necessity' for any mistrial declared over the objection of the defendant."); *United States v. Jorn*, 400 U.S. 470, 485 (1971) ("[A] motion by the defendant for mistrial is ordinarily assumed to remove any barrier to reprosecution, even if the defendant's motion is necessitated by prosecutorial or judicial error."). Both of these circumstances attended the mistrial declared at Cooper's first trial.

¶7     First, although the district court granted the mistrial on the State's motion, Cooper had *also* made a motion for a mistrial in the case. As the district court was deciding whether the text messages would be allowed into evidence, Cooper's counsel requested a mistrial, on the ground of his own ineffectiveness, in the event that the

---

[3]In addition to his ineffective assistance of counsel claim, Cooper attempts to directly challenge his convictions as being barred by the prohibition against double jeopardy. Cooper and the State disagree as to whether such a challenge may be brought for the first time on appeal without preservation in the district court. However, because we reach the merits of Cooper's double jeopardy claim in analyzing his ineffective assistance claim, we do not address the parties' preservation dispute.

messages were excluded. The district court did exclude the text messages, establishing the premise for Cooper's request for a mistrial.[4] Thus, not only was the district court's declaration of a mistrial not made over Cooper's objection, it was actually made upon the request of both the State *and* Cooper. Because Cooper as well as the State requested a mistrial, we see no double jeopardy bar to Cooper's retrial. *Cf. Jorn*, 400 U.S. at 485; *State v. Trafny*, 799 P.2d 704, 709 (Utah 1990) ("Generally, if a defendant seeks a mistrial, he waives any defense he might otherwise assert based upon double jeopardy . . . .").

¶8 Second, even if we were not to rely on Cooper's own request for a mistrial, the district court made findings on the record that establish that "manifest necessity" for a mistrial existed. *See generally Washington*, 434 U.S. at 505. The district court found that there was a likelihood of a successful ineffective assistance of counsel claim if the text messages were excluded, that defense counsel had created the problem by not providing the text messages to the State in discovery, that the State did not know of the content of the text messages until after the victim had categorically denied that she had sent such messages, and that the substance of the messages bolstered Cooper's defense strategy "in a very damaging way" and was "very prejudicial." In light of these findings, it is clear that the district court declared the mistrial in an attempt to make the best of the bad situation created by defense counsel's actions. We conclude that the district court, after careful inquiry, made findings establishing that a mistrial was "the only reasonable alternative to [e]nsure justice under the circumstances." *See State v. Harris*, 2004 UT 103, ¶ 26, 104 P.3d 1250 (emphasis and internal quotation marks omitted). *See generally id.* ¶¶ 27–30 (discussing application of the "only reasonable alternative" standard).

¶9 In light of these circumstances, any double jeopardy motion filed by Cooper's second trial counsel would have lacked merit and been properly denied. The failure to make such a futile motion cannot constitute ineffective assistance of counsel, *see Featherhat*, 2011 UT App 154, ¶ 36, and we therefore reject Cooper's first ineffective assistance of counsel claim.

¶10 Cooper also makes a cursory argument that his second trial counsel performed ineffectively by failing to investigate and present known defense witnesses. We agree with the State that this argument is inadequately briefed, and we decline to address its merits. *See generally State v. Bair*, 2012 UT App 106, ¶ 42, 275 P.3d 1050 (discussing

---

[4]Cooper did not withdraw his request for a mistrial at any time before or after the district court's declaration of a mistrial.

inadequate briefing).  Cooper's appellate brief fails to identify the uncalled witnesses or what they allegedly would have testified to, and it also fails to analyze why counsel's failure to call the witnesses constituted deficient assistance or would have resulted in a different outcome at trial.  *See generally Menzies v. Galetka*, 2006 UT 81, ¶ 87, 150 P.3d 480 (requiring a showing of prejudice in addition to proof that counsel performed deficiently).  Cooper also fails to address—or even acknowledge—the district court's consideration and rejection of this issue when it was raised in a motion for new trial. Under these circumstances, we determine that this issue is inadequately briefed and we decline to address it further.

¶11     In conclusion, Cooper's second trial was not barred by double jeopardy considerations, and his second trial counsel did not perform ineffectively by failing to make a futile double jeopardy motion.  Cooper has also failed to adequately brief his argument pertaining to counsel's failure to call certain witnesses.  Accordingly, we affirm Cooper's convictions.

_____
William A. Thorne Jr., Judge

-----

¶12     WE CONCUR:

_____
Carolyn B. McHugh,
Presiding Judge

_____
Gregory K. Orme, Judge